FRANKLIN SMITH and others, *vs.* JOSIAH DUTTON and others.

Kennebec. Opinion February 22, 1883.

*Poor debtors. Bond. Damages. Insolvency.*

Where a poor debtor's bond became technically forfeited on account of the non-observance of the statute requirement that a debtor shall assign to the creditor personal property disclosed by him, the damages cannot be more than nominal, it appearing that the title of the property at the time of the disclosure had vested in the assignee of the debtor through proceedings in insolvency.

ON EXCEPTIONS from the superior court.

*Edmund F. Webb* and *Appleton Webb*, for the plaintiffs.

The fact that a poor debtor has filed a petition in insolvency does not relieve him from having the property appraised and a written assignment thereof deposited with the magistrates, so that whatever title there may be in the debtor may enure to the benefit of the creditor. R. S., c. 113, § 32 ; *Patten* v. *Kelley*, 38 Maine, 215 ; *Robinson* v. *Barker*, 28 Maine, 310 ; *Fessenden* v. *Chesley*, 29 Maine, 368 ; *Bachelder* v. *Sanborn*, 34 Maine, 230.

The debtor may never go any further in insolvency than to file a petition, and having shielded himself while he takes the poor debtor's oath, then withdraws the petition.

Plaintiffs claim damages at least to the extent of the value of the property thus disclosed and not assigned.

*Folsom and Merrill*, for the defendants, cited: Stat. 1878, c. 10, § 6; *Randall* v. *Kehlor*, 60 Maine, 37; *Mosher* v. *Jewett*, 63 Maine, 84; *Hanson* v. *Millett*, 55 Maine 189; *Kneeland* v. *Webb*, 68 Maine, 540; *Hazen* v. *Jones*, 68 Maine, 343; *Montine* v. *Deake*, 57 Maine, 37.

PETERS, J. In this case it appears that a poor debtor in due time and manner, made a disclosure of his affairs, and was admitted to the oath. He disclosed certain personal property which was appraised by the justices, and for thirty days or more left in their possession. The ruling at the trial was, that the bond was forfeited because the debtor did not leave in the hands of the justices a written assignment of the property to the creditors. Inasmuch, however, as the debtor was in insolvency at the date of the disclosure, only one dollar was awarded as damages.

The plaintiffs contest the ruling which gave only nominal damages. They argue that the debtor had not gone into the court of insolvency so far that he could not have retraced his steps, and thus evade the responsibilities of his bond and of insolvency proceedings also. The argument is not good. The answer is, that, at the time of the trial, when damages were assessed, it appeared that the insolvency proceedings, which had been commenced prior to the disclosure, were then so far completed that all the debtor's property had been conveyed to the assignee. The assignee's title vested in him as of the date of the commencement of proceedings in insolvency. Insolvent act of 1878, § 30. Had the property been regularly assigned to the plaintiffs, they would have got no title thereby and received no sort of advantage therefrom. The damages could not well be more than nominal. R. S., c. 113, § 52.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.